IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-122-BO-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| CEDRIC COOK, defendant. | ) ) ) ) | |

Cedric Cook pled guilty on April 4, 2017, to the four counts of his indictment: count one, conspiracy to violate the Animal Welfare Act, in violation of 18 U.S.C. § 371, 7 U.S.C. §§ 2156(a)(1) and 2145(b), and 18 U.S.C. § 49(a); count two, sponsoring and exhibiting an animal in an animal fighting venture and aiding and abetting, in violation of 7 U.S.C. §§ 2156(a)(1), 18 U.S.C. § 49(a) and 18 U.S.C. § 2; count three, attending an animal fighting venture, in violation of 7 U.S.C. § 2156(a)(2)(A) and 18 U.S.C. § 49; and count twenty-one, possessing animals for purposes of participating in an animal fighting venture, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. § 49(b).

On November 27, 2017, the government moved for an upward departure at sentencing pursuant to U.S.S.G. § 2E3.1. Defendant appeared before the Court sentencing on December 1, 2017, and was notified that the Court contemplated the possibility of an upward departure. Defendant was sentenced to a term of 45 months' imprisonment on counts one, two, and twenty-one, and 12 months on count three, concurrent, in the Bureau of Prisons. The Court makes the following findings in support of its upward variance sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing

statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a)[1] and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range—whether by departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

---

[1] The factors set forth in § 3553(a) are:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed –
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
        (B) to afford adequate deterrence to criminal conduct
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available
    (4) the kinds of sentence and the sentencing range established for –
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
    (5) any pertinent policy statement . . .
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
    (7) the need to provide restitution to any victims of the offense.

2

At the sentencing hearing, the Court found that defendant's advisory Guidelines range, as calculated by the Probation Office, was 15-21 months' imprisonment, based on a total offense level of 16 and a criminal history category of I. The maximum sentence applicable on either count is five years' imprisonment. The Court finds the Presentence Investigation Report ("PSR") to be credible and hereby adopts the findings therein.

Having considered the PSR, the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), the Court finds that a variance sentence is appropriate in this case.

To begin, the Court finds that a departure from the Guidelines is warranted. The sentencing guidelines for animal fighting ventures were recently updated to better account for the cruelty and violence inherent in participating in such activity. U.S.S.G. §2E3.1. But the guidelines do not distinguish between different categories of offenders. Specifically, the guidelines do not differentiate between those offenders who engage in animal fighting once or twice and those who offend repeatedly over a long period of time. Because of this, the guidelines specifically account for the possibility of an upward departure for those offenses involving extraordinary cruelty or on an exceptional scale.

Defendant first became involved in dog fighting when he was fourteen or fifteen years old. Dog fighting is a manifestation of brutality. The dogs involved are often abused. They are trained to bite and not let go, and suffer horrific injuries, some of which lead to their deaths. His property was designed for dog fighting, including a training shed, numerous outdoor dog shelters, and a spring-loaded rope hanging from a tree in order to train dogs to bite. Defendant had canine treadmills, bite sticks, medicine, heavy chains, and weighted collars. He had 23 pit bulls on his property at his arrest. They were chained to the ground outdoors, at the mercy of the

3

elements. The dogs were underweight, malnourished, and in need of medical care. One dog had a puncture wound, while another had a fluid-filled abscess. Others suffered from wounds, broken teeth, and scarring. Defendant not only fought his dogs, but was also deeply involved in managing bloodlines in order to continue to fight dogs in the future. He bred dogs and kept track of their pedigrees. Defendant was also active on Facebook, messaging about dog fighting, giving advice, and bragging about the abilities of his dogs. The scale of defendant's involvement is exactly what was contemplated by the statute when providing for an upward departure.

A variance is also needed to comport with § 3553(a). A longer sentence would more appropriately reflect the seriousness of the crimes at issue here. As discussed above, dog fighting is a cruel enterprise. These offenses are serious and the sentence should match them. Dog fighting was an intrinsic part of defendant's personal life, and he kept celebratory paraphernalia related to it. When another individual was arrested for dog fighting, defendant reacted by expressing disappointment that his dogs would no longer be available. Because of the seriousness of the crime, defendant's lack of respect for the law, and the overarching need for deterrence, an upward variance is appropriate.

Accordingly, a sentence within the Guidelines range would be insufficient to adequately serve the § 3553(a) factors and the purposes of the sentencing statute. After considering defendant's individual circumstances and the facts of this case, the Court holds that a variance sentence of 45 months' imprisonment is appropriate and reasonable in this matter, taking into account defendant's plea to all four counts of his indictment and his military service. This Court also imposes a term of three years' supervised release, on the condition that defendant no engage in any activity related in any fashion to dog fighting, or owning, harboring, possessing or caring for any dog without the approval of the Probation Office.

4

SO ORDERED, this 6 day of December, 2017.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE